UNITED STATES v. LEE YOU WING.

(District Court, S. D. New York.   April 30, 1913.)

ALIENS (§ 32*)—DEPORTATION OF CHINESE—GROUNDS—LOSS OF MERCHANT'S
CERTIFICATE.

Where it was shown without contradiction that a Chinese person applied for a merchant's certificate on the ground that the one on which he came to this country had been lost in the San Francisco fire, which was refused, and it fairly appeared from the evidence that he entered with such a certificate and had in fact been in business as a merchant both in San Francisco and in New Jersey, the fact that he afterward became a laborer does not authorize his deportation as a laborer without a certificate.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. § 32.*]

Proceedings for deportation by the United States against Lee You Wing.  From an order of deportation, defendant appeals.  Reversed.

James A. Donegan, of New York City, for appellant.

Henry A. Wise, U. S. Atty., and Frank M. Roosa, Asst. U. S. Atty., both of New York City.

HOLT, District Judge.   This is an appeal from an order of deportation.  The charge is that the defendant is a Chinese laborer without a certificate.  The defense is that he was a merchant, and as such not required to have a laborer's certificate.

The evidence, as usual in Chinese cases, is incomplete and unsatisfactory.  The evidence, upon the whole, shows, in my opinion, that the defendant was a merchant at Hong Kong; that he came to San Francisco with a merchant's certificate, and was a merchant there; that his certificate was burned in the fire following the San Francisco earthquake; that he came East after the earthquake with $1,500; that in 1908 he bought an interest for $1,000 in the firm of Wah Chong Lung & Co. in Newark, N. J.; that in 1910 he applied for a certificate that he was a merchant, which would entitle him to return to this country after a contemplated visit to China; that such certificate was refused; that he then bought a laundry, where he has worked since.  He was arrested in this proceeding in 1912 on the ground that he was a laborer in this country without a certificate.

His own evidence is in some respects contradictory, but in my opinion it is natural that in testifying about dates of long past events such a witness should make errors.  No members of the firm of Wah Chong Lung & Co. were called in his behalf, but they may be hostile to him. He left the firm several years ago.  In the examination in 1910, on the defendant's application for a certificate on the eve of his contemplated departure for China, Mr. Wiley's questions show that the defendant claimed that the firm owed him $350, and the manager claimed that the firm owed him nothing.  The manager, Yee Lo, had apparently said to Mr. Wiley that the defendant had been a member of the firm; that he joined before Li Lip.  Mr. Wiley did not examine Yee

Lo, or Mr. Tirrell, or Mr. Smith, white witnesses, who, the defendant said, would prove his membership in the firm. Mr. Wiley refused to give the defendant a merchant's certificate, but he took no steps to have him deported as a laborer until two years after.

I think the fact that the defendant applied for such a certificate is entitled to considerable weight. He would probably not have dared to apply for such a certificate if he was a common laborer. The fact, too, that Mr. Wiley, although refusing to give it, took no action against the defendant for two years later, is of still greater significance. The government's counsel in his brief states as an explanation of this delay that Chinese persons employed in mercantile pursuits and ostensibly having an interest in the firm in which they are working, even if they have no certificates, are not usually molested, unless found actually engaged in laboring pursuits.

But a man is either a merchant or not a merchant. If a merchant is unfortunate in business, and is obliged to become a laborer, that is no reason for deporting him because he has no certificate. He was not obliged to have a laborer's certificate if he was a merchant. Upon this record, I think that, if the defendant had continued to occupy the same relation to the firm of Wah Chong Lung & Co. that he occupied in 1910, he would not have been proceeded against; and, if that is so, the fact that he has since become a laborer does not warrant his deportation.

On the whole case, I think the order of deportation should be reversed, and the defendant discharged.